Order, Surrogate’s Court, New York County (Kristin Booth Glen, S.), entered December 31, 2012, which denied plaintiff’s motion to set aside or revoke her extrajudicial consent and to dismiss the adoption proceeding of the infant by respondents, unanimously affirmed, without costs.
The court properly restricted the hearing to appellant’s allegations that she was defrauded into signing the consent and the agreement concerning postadoption communication based on statements made to her by respondents. This court already determined that any technical deficiencies in the consent form did not invalidate it (see Matter of Eliyahu [Nina Y.—Jennifer B.], 104 AD3d 488, 489 [1st Dept 2013]).
The court properly concluded that appellant failed to demonstrate by clear and convincing evidence that she was fraudulently induced to consent to the adoption of her son based on statements by respondent Jennifer B. that they would be “like sisters,” the child would be enrolled in a yeshiva, would retain his Bukharian heritage and Russian language, and would always call plaintiff, “Mom.” The court noted that no evidence was presented that even if these promises were made by respondents, they were false when made and respondents did not intend to act accordingly (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]).
Moreover, deference should be accorded the court’s credibility determination, which is supported by the record (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]).
We have considered appellant’s remaining arguments and find them unavailing.
Concur — Acosta, J.R, Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.